UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────
LAZARO ALFONSO,

                                Plaintiff,

        v.                                      9:07-CV-0844
                                                     (FJS/DRH)

D. WHALEY, Sgt., Mohawk Correctional Facility;
MURLING, Sgt., Mohawk Correctional Facility;
S. McCORMICK, C.O., Mohawk Correctional Facility;
BUSH, C.O., Mohawk Correctional Facility;
B. GALLER, C.O., Mohawk Correctional Facility,

                                Defendants.
─────────────────────────────────────

APPEARANCES:                           OF COUNSEL:

LAZARO ALFONSO
Plaintiff, *pro se*
**Last Known Address**
06-B-0932
Coxsackie Correctional Facility
Box 999
Coxsackie, New York 12051

HON. ANDREW M. CUOMO           CHARLES J. QUACKENBUSH, ESQ.
New York State Attorney General     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

## **REPORT-RECOMMENDATION**

**I.    Background**

       This civil rights action was commenced by plaintiff Lazaro Alfonso on August 21, 2007. Plaintiff filed an amended complaint on October 3, 2007 which was accepted for filing, and plaintiff was granted leave to proceed with this action *in forma pauperis*. See Dkt. No. 7 (the "October Order"). The October Order specifically advised plaintiff of his

obligation to notify the Clerk of the Court and opposing counsel of any change in his address. *Id*. at 3-4. In November, 2007, plaintiff duly notified the Clerk of his transfer to Orleans Correctional Facility. Dkt. No. 9.[1]

Following service of process on the defendants, an answer to the complaint was filed on December 21, 2007. Dkt. No. 18.

On February 29, 2008, plaintiff again notified the Clerk of the Court of a change in his address to Coxsackie Correctional Facility. Dkt. No. 22.

By letter dated December 9, 2008, counsel for defendants advised the Court that the public information website maintained by the New York State Department of Correctional Services ("DOCS") reflected that plaintiff had been released on parole from Coxsackie Correctional Facility on July 18, 2008. Dkt. No. 23.[2]

Defendants thereafter filed a motion to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procure due to plaintiff's failure to prosecute this action. Dkt. No. 25. Defendants' motion is presently before this Court for consideration and issuance of a report-recommendation.

**II.    Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. Fed.R.Civ.P. 41(b); see *Link v. Wabash*

---

[1] Plaintiff was confined at Marcy Correctional Facility when he commenced this action. See Dkt. No. 1 at 1.

[2] The website address is www.nysdocslookup.docs.state.ny.us.

*Railroad County Independent School District*, 370 U.S. 626 (1962).³  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citations omitted).

All parties are obligated to inform the court of any address changes.  In relevant part, Local Rule 10.1(c)(2) states that "**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**"  N.D.N.Y.L.R. 10.1(c)(2) (emphasis in original).  As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (citations omitted).

Local Rule 41.2(a) includes the following provision regarding a litigant's duty to prosecute an action diligently:

> In the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.

N.D.N.Y.L.R. 41.2(a).  In addition, Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the

---

³ Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits."  Fed.R.Civ.P. 41(b).

3

dismissal of any pending action." N.D.N.Y.L.R. 41.2(b).

The correctness of a Rule 41(b) dismissal for failure to comply with an order of the Court or the procedural rules of the Court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration, the Court finds that each of these five factors weighs in favor of dismissal of this action. More than one year has elapsed since plaintiff's release from prison without notification to the Clerk of the Court or defendants' counsel of his current address. Indeed, plaintiff has not communicated with the Clerk or the Court about **any** aspect of this litigation since February 29, 2008, when he provided notice that his address had changed. See Dkt. No. 22. This extended period of noncompliance by plaintiff with his obligations as a litigant in this Court clearly weighs in favor of dismissal.

As to the second factor, plaintiff was given specific notice in the October Order of his obligation to notify the Clerk's Office and defendants "promptly" of any change in his address. See Dkt. No. 7 at 3-4. Moreover, in light of the two change of address notices he did provide, there is no question but that plaintiff understood and knew how to comply with this obligation. Thus, this factor also weighs in favor of dismissal.

The Court finds that defendants are likely to be prejudiced by further delay in the

proceedings, which may well affect witnesses' memories, the ability to locate witnesses and the preservation of evidence. Under the circumstances, the need to alleviate congestion on the Court's docket outweighs plaintiff's right to receive a further chance to be heard in this case. Accordingly, the Court finds that both the third and fourth factors support dismissal of this action.

Lastly, the Court has carefully considered whether a sanction less drastic than dismissal is available and concludes that it is not. Without the ability to communicate with plaintiff, there is no meaningful way to procure his "reappearance" in and active prosecution of this action. Moreover, simply waiting for him to comply with his obligations is not likely to be fruitful, since he has failed to do so for some sixteen (16) months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of plaintiff's prolonged failure to notify the Clerk of the Court or defendants' counsel of his current address and to take any action in furtherance of his claims, the Court recommends that defendants' motion be granted and that this action be dismissed.

WHEREFORE, it is hereby

RECOMMENDED, that defendants' motion to dismiss this action pursuant to Fed.R.Civ.P. 41(b) (Dkt. No. 25) be granted, and it is further

RECOMMENDED, that this action be dismissed, with prejudice, and it is hereby

ORDERED, that the Clerk of the Court serve a copy of this Order on the parties.[4]

---

[4] Service shall be made by mailing a copy of this Decision and Order to plaintiff at his address of record.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  72, 6(a), 6(e).

Dated: July 28, 2009
      Albany, New York

                                                 David R. Homer
                                                 United States Magistrate Judge